# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS DE LA CRUZ,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.  1:15-cv-00545-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING CERTAIN CLAIMS AND DEFENDANTS FROM THIS ACTION<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Juan Carlos De La Cruz is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  Currently before the Court is Plaintiff's complaint, filed April 9, 2015.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

1

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## DISCUSSION

Plaintiff is housed at the Taft Correctional Institution which is managed by Management and Training Corporation ("MTC") under a contract with the Bureau of Prisons. (Compl. ¶¶ 9, 18, ECF No. 1.) Plaintiff suffers from an enlarged prostrate and has been proscribed pain medication and a catheter. (Id. at ¶ 18.) Plaintiff claims that his prostrate problem has worsened due to the negligent treatment he has received while incarcerated at MTC. (Id. at ¶ 1.) Plaintiff brings this action alleging deliberate indifference in violation of the Eighth Amendment and state law claims seeking monetary damages and injunctive and declaratory relief against the United States of America, Federal Bureau of Prisons, MTC and three of MTC's employees, Michael L. Benov, Dale Patrick, and Lauri Watts.

### A.  Plaintiff's Eighth Amendment Claims Against Defendants MTC and its Employees

Plaintiff brings this action against Defendants MTC, Benov, Patrick, and Watts for deliberate indifference in violation of the Eighth Amendment. In <u>Bivens</u> the Supreme Court recognized that in limited circumstances there is a claim for damages against federal officers who abuse their constitutional authority. 403 U.S. at 397. However, the Supreme Court has held that the implied right of action recognized in <u>Bivens</u> does not extend to allow recovery against a private corporation operating under contract with the Bureau of Prisons. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 63 (2001). Recently, in a case where a prisoner was alleging inadequate medical care, the Supreme Court held that <u>Bivens</u> did not extend to imply the existence of an Eighth Amendment based damages action against employees of a privately operated federal prison. <u>Minneci v. Pollard</u>, 123 S.Ct. 617, 620, 626 (2012). Accordingly, Plaintiff cannot state a claim under the Eighth Amendment against MTC or any of its employees based upon the medical care he received while housed at Taft Correctional Institution.

Courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." <u>Amerisource Bergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). In this case, it would be futile to allow Plaintiff to amend his complaint to state an Eighth Amendment claim against these defendants. The Court recommends that Plaintiff's federal claims against Defendants MTC, Benov, Patrick, and Watts be dismissed without leave to amend.

### B.  Plaintiff's Claims Against the United States and the Bureau of Prisons

Plaintiff also brings Eighth Amendment and state law claims in this action against the United States of America and the Federal Bureau of Prisons.

#### 1.  <u>Deliberate Indifference Under the Eighth Amendment</u>

Plaintiff brings his Eighth Amendment claims against the United States of America and the Bureau of Prisons. However, the United States and its agencies are immune from suit absent a waiver of sovereign immunity. <u>FDIC v. Meyer</u>, 510 U.S. 471, 476 (1994). "Before we may

exercise jurisdiction over any suit against the government, we must have 'a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver.' " Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (citations omitted).

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain torts committed by government employees. Delta Savings Bank v. United States, 265 F.3d 1017, 1024 (9th Cir. 2001). This waiver includes "tort claims arising out of negligent conduct of government employees acting within the scope of their employment," Terbush v. United States, 516 F.3d 1125, 1128-29 (9th Cir. 2008), if the United States, *as a private person*, would be liable to the plaintiff under California tort law, United States v. Olson, 126 S. Ct. 510, 511 (2005); Delta Savings Bank, 265 F.3d at 1025. However, the FCTA did not waive sovereign immunity as to any constitutional claims against the United States. Jachetta, 653 F.3d at 908 ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability."); see also Martinez v. United States, 812 F. Supp. 2d 1052, 1058 (C.D. Cal. 2010) ("the United States has not waived its sovereign immunity for suits brought under the civil rights statutes, and such claims are barred by sovereign immunity"). Plaintiff cannot state a claim against the United States or the Bureau of Prisons under section 1983. Accordingly, Plaintiff's Eighth Amendment claims should be dismissed without leave to amend because amendment would be futile in this instance.

2. State Law Claims

Plaintiff brings this action against the Bureau of Prisons. Pursuant to Federal Rules of Civil Procedure Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest." Under the FTCA the only proper party defendant is the United States. Kennedy v. United States Postal Office, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam). A claim against a federal agency is not a claim against the United States. Id. Therefore, Plaintiff cannot state a claim under the Federal Tort Claim Act against the Federal Bureau of Prisons. Since it would be futile to allow Plaintiff to amend his claims against the Bureau of Prisons, the Court recommends that the claims against the Federal Bureau of Prisons be dismissed for failure to state a claim without leave to amend.

In addition, a suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and the claim is finally denied, or six months have passed without a final resolution having been made.[1]  28 U.S.C. § 2675(a). Where the claim requirement is not met the Court must dismiss the claim for lack of subject matter jurisdiction.  Goodman v. United States, 298 F.3d 1048, 1054, 1055 (2002).  Plaintiff alleges he met this requirement by filing a claim for administrative settlement with United States Bureau of Prisons on October 3, 2014 to the Bureau of Prisons which was denied on October 9, 2014.  (ECF No. 1 at ¶ 4.)

The Federal Tort Claim Act provides that the United States is liable for money damages, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C.A. § 1346(b)(1).  The definition of federal agencies that applies to section 1346 specifically excludes contractors with the United States.  28 U.S.C. § 2671. Employees of the Government are "officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."  28 U.S.C.A. § 2671.  In Logue v. United States, 412 U.S. 1973, the Supreme Court considered whether the Federal Tort Claims Act provided liability for torts of employees of a county jail under contract to house federal inmates. The Supreme Court held that section 1346 and 2671 read together included an exemption for liability for injury caused by employees of a contractor.  Id. at 528.

Although Logue recognized that there may be situations where the government had sufficient control over the operations of the private contractor such that the employees could be

---

[1] A plaintiff's tort claim against the United States is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.  28 U.S.C § 2401(b).

5

found to be acting on behalf of the government, Logue, 412 U.S. at 530, Plaintiff merely alleges that the United States operates and controls the Bureau of Prisons and the Bureau of Prisons operates under control of the United States. (ECF No. 1 at ¶¶ 6, 7.) MTC was awarded a contract with the Bureau of Prisons to assume management of Taft Correctional Institution. (Id. at ¶¶ 8, 9.) While Plaintiff contends that the Bureau of Prisons allows MTC to deny medical treatment, the complaint sets for no factual allegations to state a plausible claim that the Bureau of Prisons is directing or overseeing the activities of the employees of MTC. Accordingly, Plaintiff has failed to state a plausible claim that the United States is liable for the actions of the employees of MTC.

Since Plaintiff has failed to state a cognizable claim over which this Court has jurisdiction, the Court does not address the viability of Plaintiff's state law claims. See 28 U.S.C. § 1367(a).

### III.

### CONCLUSION AND RECOMMENDATION

Plaintiff fails to state a cognizable federal claim against any named defendant in this action. Rule 15 of the Federal Rules of Civil Procedure governs the amendment of complaints. Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). In this instance, Plaintiff should be granted the opportunity to file an amended complaint.[1]

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint, filed April 9, 2015, be DISMISSED for failure to state a claim;

2. Plaintiff's Eighth Amendment claims be DISMISSED without leave to amend for failure to state a claim;

---

[1] Plaintiff is advised that he is not being provided with an opportunity to file an amended complaint at this time. Once the district judge issues an order addressing this findings and recommendations, Plaintiff will be provided with a deadline to file an amended complaint.

   3.  Defendant Bureau of Prisons be DISMISSED from the action for failure to state a claim; and

   4.  Plaintiff be provided with the opportunity to file an amended complaint to cure the deficiencies identified herein.

  This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 24, 2015**

            UNITED STATES MAGISTRATE JUDGE