# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS DE LA CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00545-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 7, 8)<br><br>THIRTY-DAY DEADLINE |

### I. BACKGROUND

Plaintiff Juan Carlos De La Cruz is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed a complaint on April 9, 2015. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 24, 2015, the Magistrate Judge screened the complaint and issued findings and recommendations in which Plaintiff was provided with thirty days in which to file objections. (ECF No. 7.) On July 27, 2015, Plaintiff filed objections to the findings and recommendations. (ECF No. 8.)

///

1

II.     DISCUSSION

      A.     **Plaintiff's allegations in this action are properly considered under <u>Bivens</u>**

Plaintiff objects on the ground that the magistrate judge construed the complaint as a *Bivens* action when he brought the action under the Federal Tort Claims Act. Plaintiff's argument demonstrates a misunderstanding of the law. A cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law is provided by 42 U.S.C. § 1983. <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir 2009); <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). In <u>Bivens</u>, the Supreme Court recognized an implied cause of action for damages against federal officers for alleged violation of a citizen's rights under the Fourth Amendment. 403 U.S. at 397. Following <u>Bivens</u>, the Supreme Court has found a cause of action against federal actors for violations of the Due Process clause of the Fifth Amendment and the Cruel and Unusual Punishment clause of the Eighth Amendment. <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 67-68 (2001). However, the Court has refused to extend liability for constitutional violations to federal agencies or private corporations operating federal prisons. <u>Malesko</u>, 534 U.S. at 69, 74.

Plaintiff's argument that he can bring his Eighth Amendment claims against Management Training Corporation or its employees is foreclosed by the Supreme Court's decision in *Malesko* and *Minneci v. Pollard*, 132 S.Ct. 617 (2012). In *Minneci*, a federal prisoner attempted to bring claims under the Eighth Amendment for denial of medical care by the private management company operating the federal prison. 132 S.Ct. at 620. The Supreme Court declined to imply a *Bivens* cause of action where "a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." <u>Minneci</u>, 132 S.Ct. at 626; see also <u>Valdovinos-Blanco v. Adler</u>, 585 Fed. Appx. 586, 587 (9th Cir. 2014).

### B. Plaintiff Fails to State a Claim Under the Federal Tort Claim Act

As stated in the findings and recommendations, the Federal Tort Claim Act provides that the United States is liable for money damages, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C.A. § 1346(b)(1). Under the FTCA the only proper party defendant is the United States. Kennedy v. United States Postal Office, 145 F.3d 1077, 1078 (9th Cir. 1998). Plaintiff argues that the Management Training Corporation and all its employees should be considered an employee for purposes of the Federal Tort Claims Act relying on *Ali v Federal Bureau of Prisons*, 552 U.S. 214 (2008). However, *Ali* addresses a federal penitentiary operated by the federal government, not a federal prison which operated by a private corporation under contract with the federal government. Therefore, *Ali* provides no support for Plaintiff's position.

The definition of federal agencies that applies to section 1346 specifically excludes contractors with the United States. 28 U.S.C. § 2671. The Supreme Court addressed the issue of whether the Federal Tort Claims Act provided liability for torts of employees of a county jail under contract to house federal inmates in *Logue v. United States*, 412 U.S. 521 (1973). The Supreme Court held that sections 1346 and 2671 read together included an exemption for liability for injury caused by employees of a contractor. Id. at 528. Accordingly, Plaintiff cannot bring a claim under the Federal Tort Claims Act for injury caused by Management Training Corporation or its employees unless he alleges facts to show that the United States exercised sufficient control over the operations of the private contractor such that the employees could be found to be acting on behalf of the government. Logue, 412 U.S. at 530; see also Autery v. United States, 424 F.3d 944, 956-57 (9th Cir. 2005) (To fall within the FTCA's limited waiver of sovereign immunity the United States must provide "substantial supervision over the day-to-day operations of the contractor [such that] that the individual was acting as a government employee."); Will v. United States, 60 F3d 656, 659 (9th Cir. 1995); Letnes v. United States, 820 F.2d 1517, 1518-19 (9th Cir. 1987).

///

### C. Plaintiff's Medical Claims Do Not Implicate the Due Process Clause

Plaintiff argues that the magistrate judge erred by failing to find a due process claim due to the denial of medical care. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) overruled on other grounds by Unitherm Food Systems, Inc. v. Swift–Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).

In this case, Plaintiff is alleging that he was denied proper treatment for a serious medical condition. The Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claims.

### D. Plaintiff's Remaining Arguments Raise Claims Not Supported in Complaint

Plaintiff contends that he was denied equal protection and the conduct violated the Alien Tort Statute, 28 U.S.C. § 1350. However, Plaintiff's complaint contains no allegations to support such violations.

The complaint does not allege that any defendant intentionally discriminated against the plaintiff based on his membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff's complaint is devoid of any mention of his race or nationality and specifically states that an internal policy has been implemented to save money by denying inmates with chronic medical conditions the ability to be seen by outside medical specialists. (ECF No. 1 at ¶ 8.) Further, Plaintiff alleges that this is an "ongoing systematic and massive denial of health care to the inmate population." (Id. at ¶ 9.) Plaintiff's allegations demonstrate that all inmates with serious illness are being treated similarly and

4

therefore no equal protection claim is raised.

Similarly, to state a claim for a violation of the Alien Tort Statute requires 1) an alien to sue 2) for a tort 3) committed in violation of a treaty of the United States or the law of nations. 28 U.S.C. § 1350; Kadic v. Karadzic, 70 F.3d 232, 238 (2d Cir. 1995). Plaintiff's complaint is devoid of any allegations that he is an alien or that the conduct of the defendants violated the law of nations.

### E. Plaintiff Shall Be Granted an Opportunity to File an Amended Complaint

As the magistrate judge recommended, Plaintiff shall be granted the opportunity to file an amended complaint.[1] Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

### III. CONCLUSION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

---

[1] That complaint shall not include an Eighth Amendment Claim against MTC or its employees. MTC and its employees will be dismissed from this action without leave to amend.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on June 24, 2015 in full;
2. Plaintiff's complaint, filed April 9, 2015, is DISMISSED for failure to state a claim;
3. Plaintiff's Eighth Amendment claims are DISMISSED without leave to amend for failure to state a claim;
4. Defendant Bureau of Prisons is DISMISSED from this action for Plaintiff's failure to state a claim;
5. Within thirty days from the date of service of this order, Plaintiff shall file an amended complaint to cure the deficiencies identified herein; and
6. Failure to file an amended complaint in compliance with this order will result in this action being dismissed for failure to prosecute.

IT IS SO ORDERED.

Dated: __August 11, 2015__                    _____
                                              SENIOR DISTRICT JUDGE