UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS DE LA CRUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00545-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF FIRST AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 10] |

Plaintiff Juan Carlos De La Cruz is appearing pro se and in forma pauperis in the civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

Now pending before the Court is Plaintiff's first amended complaint, filed September 14, 2015. On August 11, 2015, the Court dismissed Plaintiff's Eighth Amendment claim and claim against the Bureau of Prisons without leave to amend. (ECF Nos. 8, 9.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently housed at the Taft Correctional Institution which is managed by the Management and Training Corporation ("MTC") under a contract with the Bureau of Prisons. Plaintiff suffers from an enlarged prostrate and was prescribed medication to reduce inflammation and pain. Prior to Plaintiff's transfer to Taft, he was informed that he would receive the same treatment. Plaintiff claims that his prostrate problem has worsened due to the negligent treatment he has received while incarcerated at MTC.

Plaintiff seeks liability for negligence, abuse of process, and equal protection violations under the Alien Tort Act.

///
///
///

## III.

## DISCUSSION

### A.     Negligence/Breach of Duty for Medical Care

Plaintiff may not state a claim for negligence against any of the mentioned individual actors because a Bivens action may only be brought against a responsible federal official in his or her individual capacity for monetary damages predicated on *constitutional* violations, not negligence. See Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) ("To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights.") (citation omitted); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988 (plaintiff must plead more than merely negligent act by federal officer in order to state a claim under Bivens).

### B.     Abuse of Process

Plaintiff contends that the Defendants have violated their duty as articulated in 18 U.S.C. § 4042(a)(2),(3).

18 U.S.C. § 4042 provides, in pertinent part:

(a)  In general—The Bureau of Prisons, under the direction of the Attorney General, shall—

….

(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;

(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]

This statute merely sets out, in general terms, the duties of the Bureau of Prisons and there is no basis to find a private right of action by way of a complaint under Bivens. To the extent Plaintiff is attempting to seek a separate and distinct claim under 18 U.S.C. § 4042, a federal prisoner may not pursue a claim under § 4042 because this statute does not provide a private cause of action against BOP officials. See Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969) (the only action

1 available through 18 U.S.C. § 4042 is pursuant to the Federal Tort Claims Act (FTCA)).   Plaintiff has
2 not and cannot state a claim under the FTCA.

   **C.     Equal Protection/Alien Tort Act**

Plaintiff contends that he was denied equal protection of the law based "on his membership in a class of being an Alien housed in a private Institution as actually designated only for being a Sentenced Deportable Alien that were denied all activities of the Bureau of Prisons for which he is being segregated from U.S. citizens only for his immigration status." (ECF No. 10 at 5.)

The Due Process Clause of the Fifth Amendment "subjects the federal government to constitutional limitations that are the equivalent to those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment." Consejo de Desarrollo Economico de Mexicali, A.C., v. United States, 482 F.3d 1157, 1170 n. 4 (9th Cir. 2007).  The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 472 U.S. 432, 439 (1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Hartmann, 707 F.3d 1021, 1030 (9th Cir. 2013), or that similarly situated individually were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-602 (2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's amended complaint does not allege that any defendant intentionally discriminated against the plaintiff based on his membership in a protected class or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Plaintiff's vague and conclusory allegations that he was treated differently from non-American citizens simply because he is a deportable alien housed at MCI, fall far short of stating an equal protection claim.  Plaintiff has alleged no facts from which the Court could infer that any individual treated Plaintiff differently than others similarly situated.  Plaintiff's amended complaint specifically states that MTC has an internal to save money without giving inmates required treatment for their illness.  (ECF No. 10 at 3.)  Plaintiff's allegations demonstrate that all inmates are being treated

similarly and therefore no equal protection claim is raised. Furthermore, the exhibits attached to Plaintiff's complaint demonstrate that he his medical condition was reviewed and evaluated, and the proper treatment was determined and rendered based on the procedures set forth at MCI. (ECF No. 10 at 3, 11-16.)

Similarly, a violation of the Alien Tort Statute requires 1) an alien to sue 2) for a tort 3) committed in violation of a treaty of the United States or the law of nations. 28 U.S.C. § 1350; <u>Kadic v. Karadzic</u>, 70 F.3d 232, 238 (2d Cir. 1995). Plaintiff's amended complaint is devoid of any allegations that the conduct of the defendants violated the law of nations.

Accordingly, Plaintiff fails to state a claim for relief.

### D. Further Leave to Amend

In light of the fact that the Court previously notified Plaintiff of the deficiencies and granted leave to amend (<u>see</u> ECF Nos. 7 & 9), further amendment is not warranted. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).

### IV.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the amended complaint be DISMISSED, with prejudice, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may

///
///
///
///
///
///

5

result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 2, 2015**

UNITED STATES MAGISTRATE JUDGE